

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2005

# Boatner v. Hinds

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Boatner v. Hinds" (2005). *2005 Decisions.* Paper 944.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/944

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-197                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1320
_____

HARRY BOATNER,

<u>Appellant</u>

v.

SANDRA HINDS, Jail Nurse; MELISSA AMODIE, District Justice;
TOM SANSONE, Detective; WILLIAM F. HALL, Warden;
NEW CASTLE POLICE DEPT.; DAVID CUMO, Police Officer

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 02-cv-01671)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 7, 2005

Before: ALITO, McKEE and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed   June 29, 2005 )

_____

OPINION

_____

PER CURIAM

Harry Boatner appeals from the District Court's unfavorable resolution of his complaint seeking monetary damages under 42 U.S.C. § 1983.[1] Because we conclude that the complaint fails to state a claim upon which relief can be granted and seeks monetary relief against defendants who are immune, and because the appeal is frivolous, we will dismiss under 28 U.S.C. § 1915(e)(2)(B).

On July 17, 2002, Boatner attempted to burglarize a school. While breaking into the building, he injured his hand and went to a nearby hospital for stitches. Boatner was arrested after police discovered discarded bloodstained clothing in the hospital's bathroom. The clothing matched those worn by the suspect as described by several witnesses at the scene. The police applied for a search warrant to take Boatner's blood and match it against the blood found on the clothes and at the school. The warrant application was granted. Several officers retrieved Boatner from a jail holding area and when they informed him of the warrant, he resisted, injuring Officer Sansone. During the extraction, the nurse missed finding a vein several times due to Boatner's struggling, but then wiped blood from a wound he suffered while resisting the escorting officers.

On September 30, 2002, Boatner filed an action under § 1983 against six named defendants. Specifically, Boatner claims nurse Sandra Hines took his blood without consent; New Castle County District Justice Amodie issued a search warrant without probable cause; Officer Sansone used excessive force; Officer Cumo arrested him without

---

[1] Boatner also appears to seek injunctive relief, but nowhere is it made clear what specific injunctive relief is requested.

2

probable cause; Warden Hall employed workers who committed unlawful acts, and the New Castle County Police Department "did employ an abusive police officer."

On February 19, 2004, the District Court either dismissed the complaint or granted summary judgment as to all claims and parties with the exception of the excessive force claim against Officer Sansone. On July 14, 2004, Boatner moved to amend his complaint adding two new defendants: Major Micco for using threats and excessive force to hold his arm during the withdrawal of blood, and Captain Adamo who allegedly assaulted and injured Boatner during an unidentified incident. The motion to amend was denied. On January 3, 2005, the District Court granted Defendant Sansone's motion for summary judgment. Boatner then filed this appeal challenging each of the District Court's orders.

With respect to his claims against Justice Amodie and Nurse Hines, the defendants are immune from suit. There is no doubt Justice Amodie is entitled to absolute judicial immunity for the act of and consequences stemming from the issuance of the search warrant. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000). Defendant Hines is also immune from suit. An "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003). Nurse Hines was acting pursuant to a facially valid warrant to withdraw blood. Accordingly, Amodie and Hines are absolutely immune from suit under § 1983.

With respect to Officers Cumo and Sansone, an appeal from the denial of the claims is frivolous. Boatner's claim against Cumo cannot be sustained. Probable cause is determined by the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 233 (1983). Based on Cumo's affidavit of probable cause, the factual basis of which goes largely unchallenged, there can be no doubt that probable cause existed. With respect to Officer Sansone, the claim is equally frivolous. A year after filing the initial complaint, Boatner was convicted and sentenced on charges stemming from his assault on Sansone. At the sentencing hearing, Boatner admitted that he had no recollection of the event and stated, "I would be more apt to take his [Sansone's] word about what happened than my own, because I don't know." Boatner presents no other evidence to support his allegations.

With respect to Warden Hall and the New Castle County Police Department, see Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("we treat the municipality and its police department as a single entity for purposes of § 1983 liability."), Boatner fails to state a claim. A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Because in neither case does Boatner allege any policy or custom that caused the alleged violation, he fails to state a claim.

4

Finally, we review the denial of a motion to amend a complaint for abuse of discretion. See Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). The District Court denied Boatner's motion to amend because first, the inclusion of the two new defendants constituted undue delay. At least with respect to Micco, Boatner was aware of the basis for a complaint at the time of filing. He states he feared retaliation from Micco, but provides no basis for such assumptions. Second, with respect to Adamo, Boatner fails to indicate how Adamo is connected to the current action. Defending against such a claim would clearly prejudice the defense. Accordingly, an appeal from the District Court's decision is frivolous.

For the foregoing reasons, the appeal is utterly lacking in legal merit. We will dismiss under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Boatner's request for appointment of counsel on appeal is denied.